**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Jamond A. Toles,                                           )   No. CV 10-2482-PHX-RCB (LOA)
                                                                    )
                    Plaintiff,                              )   **ORDER**
                                                                    )
vs.                                                             )
                                                                    )
                                                                    )
Vincent Cole,                                              )
                                                                    )
                    Defendant.                          )
                                                                    )
                                                                    )
_____ )

　　　　Plaintiff Jamond A. Toles, who is confined in the Maricopa County Fourth Avenue Jail, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed *In Forma Pauperis* (Doc. 2).  The Court will dismiss the action.

**I.    Application to Proceed *In Forma Pauperis* and Filing Fee**

　　　　Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $13.00.  The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

1   **II.      Statutory Screening of Prisoner Complaints**

2           The Court is required to screen complaints brought by prisoners seeking relief against

3   a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.

4   § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised

5   claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

6   be granted, or that seek monetary relief from a defendant who is immune from such relief.

7   28 U.S.C. § 1915A(b)(1), (2).

8           A pleading must contain a "short and plain statement of the claim *showing* that the

9   pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not

10  demand detailed factual allegations, "it demands more than an unadorned, the-defendant-

11  unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

12  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

13  statements, do not suffice."  Id.

14          "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

15  claim to relief that is plausible on its face.'"  Id. (quoting Bell Atlantic Corp. v. Twombly,

16  550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content

17  that allows the court to draw the reasonable inference that the defendant is liable for the

18  misconduct alleged."  Id.  "Determining whether a complaint states a plausible claim for

19  relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial

20  experience and common sense."  Id. at 1950.  Thus, although a plaintiff's specific factual

21  allegations may be consistent with a constitutional claim, a court must assess whether there

22  are other "more likely explanations" for a defendant's conduct.  Id. at 1951.

23          But as the United States Court of Appeals for the Ninth Circuit has instructed, courts

24  must "continue to construe *pro se* filings liberally."  Hebbe v. Pliler, No. 07-17265, 2010 WL

25  2947323, at *3 (9th Cir. Jul. 29, 2010).  A "complaint [filed by a *pro se* prisoner] 'must be

26  held to less stringent standards than formal pleadings drafted by lawyers.'"  Id. (quoting

27  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

28

1    If the Court determines that a pleading could be cured by the allegation of other facts,

2  a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the

3  action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).  The Court

4  should not, however, advise the litigant how to cure the defects.  This type of advice "would

5  undermine district judges' role as impartial decisionmakers."  Pliler v. Ford, 542 U.S. 225,

6  231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was

7  required to inform a litigant of deficiencies).  Plaintiff's Complaint will be dismissed for

8  failure to state a claim, without leave to amend because the defects cannot be corrected.

9  **III.    Complaint**

10    In his one-count Complaint, Plaintiff sues Defendant Phoenix Police Officer Vincent

11  Cole.  Plaintiff alleges he was threatened and intimidated by Defendant Cole because, after

12  Defendant Cole read Plaintiff his Miranda rights, Defendant Cole stated: "I should pull out

13  my gun and shoot . . . , because your [sic] not being cooperative with me."  Plaintiff contends

14  that he felt that his safety and freedom were in jeopardy and that the "stress of [Defendant

15  Cole's] threats" and the fact that Plaintiff was being "falsely accused" had a "deciding factor

16  on words said in that small padded interrogation room."   In his Request for Relief, Plaintiff

17  seeks monetary damages and for the Phoenix Police Department to "reprimand" Defendant

18  Coles.

19  **IV.    Failure to State a Claim**

20    Plaintiff's allegation that Defendant Cole threatened him is insufficient to state a

21  constitutional violation.[1]  See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (defendants'

22  threats of bodily harm to convince plaintiff not to pursue legal redress were insufficient to

23  state a claim under § 1983; "it trivializes the eighth amendment to believe a threat constitutes

24  a constitutional wrong"); Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987)

25  ("'[v]erbal harassment or abuse . . . is not sufficient to state a constitutional deprivation under

27
28    [1]Plaintiff cites to Garcetti v. Ceballos, 547 U.S. 410 (2006), which is inapplicable to this case.

- 3 -

1  42 U.S.C. § 1983'" (quoting Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979))).  Thus,

2  the Court will dismiss Plaintiff's claim, which the Court also dismissed in Plaintiff's

3  previously filed case, 10-CV-2186-PHX-RCB (LOA).

4  **IT IS ORDERED:**

5      (1)    Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.

6      (2)    As required by the accompanying Order to the appropriate government agency,

7  Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $13.00.

8      (3)    The Complaint (Doc. 1) is **dismissed** for failure to state a claim pursuant to 28

9  U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

10      (4)    The Clerk of Court must make an entry on the docket stating that the dismissal

11  for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

12      (5)    The docket shall reflect that the Court certifies, pursuant to 28 U.S.C.

13  § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this

14  decision would not be taken in good faith.

15      DATED this 18th day of November, 2010.

Robert C. Broomfield
Senior United States District Judge

- 4 -